**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 12 B 81963 |
| | ) | Chapter 7 |
| Miriam L. Moy, | ) | Hon. Judge Thomas M. Lynch |
| | ) | Hearing Date: Mon., Sept. 26, 2016 |
| Debtor. | ) | Hearing Time: 9:30 a.m. |

<u>**NOTICE OF HEARING**</u>

To: See Attached Service List

     **PLEASE TAKE NOTICE** that on Monday, September 26, 2016, at 9:30 a.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Thomas M. Lynch, or any judge sitting in his stead, in courtroom 3100 of the United States Courthouse, located at 327 South Church Street, in Rockford, Illinois, and present **MCHENRY SAVINGS BANK'S MOTION TO MODIFY DISCHARGE INJUNCTION**, a copy of which is attached hereto and is hereby served upon you.

Dated: September 14, 2016

                                        MCHENRY SAVINGS BANK


                                        By: */s/ William S. Hackney*
                                             One of its Attorneys



William S. Hackney, ARDC No. 06256042
SMITHAMUNDSEN LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois   60601-7524
Telephone: 312.894.3200
whackney@salawus.com

**CERTIFICATE OF SERVICE**

    I, William S. Hackney, an attorney, hereby certify that I caused true and correct copies of the attached **NOTICE OF HEARING** and **MCHENRY SAVINGS BANK'S MOTION TO MODIFY DISCHARGE INJUNCTION** to be served on all parties listed on the attached service list via the Bankruptcy Court for the Northern District of Illinois' CM/ECF system, or via First Class U.S. Mail, as indicated, on this the 14th day of September, 2016.

                                                                               */s/ William S. Hackney*

## S<span>ERVICE</span> L<span>IST</span>

Diane Brazen Gordon
diane@brazengordon.com

Jeffrey K. Gutman
jeffreykg4018@aol.com

Ean L Kryska
ean.kryska@abm.com

Joseph D Olsen
Jolsenlaw@comcast.net
jolsenlaw@aol.com

Tiffany Rodriguez
trodriguez@bslbv.com

Craig A Willette
craigwillette@comcast.net

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 12 B 81963 |
| | ) | Chapter 7 |
| Miriam L. Moy, | ) | Hon. Judge Thomas M. Lynch |
| | ) | Hearing Date: Mon., Sept. 26, 2016 |
| Debtor. | ) | Hearing Time: 9:30 a.m. |

**MCHENRY SAVINGS BANK'S**
**MOTION TO MODIFY DISCHARGE INJUNCTION**

Now comes McHenry Savings Bank ("McHenry Savings"), by and through its attorneys, and moves this Court to enter an order modifying the discharge injunction in place in the above-captioned case to permit McHenry Savings to proceed with collection against Miriam L. Moy (the "Debtor"), for the purpose of recovering post-petition attorneys' fees. In support hereof, McHenry Savings states as follows:

**BACKGROUND**

1. On March 22, 2004, Perry Moy and the Debtor executed a note in favor of McHenry Savings in the principal amount of $442,000.00 (the "Note"). The Note was secured by a mortgage (the "Mortgage") on real property located at 8220 Crystal Springs Road, in Woodstock, Illinois (the Real Property").

2. The Note includes a clause at para. 6(E) which states "[i]f the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."

3. The Mortgage includes a clause at para. 14 entitled "Loan Charges" which states "Lender may charge Borrower fees for services performed in connection with Borrower's

4

default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees…."

4. On November 17, 2009, McHenry Savings filed suit to foreclose the Mortgage (the "Foreclosure Action"). The Foreclosure Action was initiated in the Circuit Court of the Twenty-Second Judicial Circuit in McHenry County, Illinois under case no. 09 CH 2444.

5. Sometime thereafter, the Debtor filed a counterclaim and then an Amended Counterclaim in the Foreclosure Action for actual and punitive damages against McHenry Savings alleging breach of contract and violations of the Consumer Fraud and Deceptive Practices Act found at 815 ILCS 505/10a (the "Counterclaim").

6. The Foreclosure Action proceeded and was eventually set for trial for June 18 through 20, 2012.

7. On April 20, 2012, Mr. Moy filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code [11 U.S.C. § 101, *et seq.*](the "Bankruptcy Code").

8. On May 16, 2012, an involuntary petition under chapter 7 of the Bankruptcy Code was filed against the Debtor.

9. On June 1, 2012, the state court entered an order in the Foreclosure Action and the Counterclaim striking the previously set upcoming trial dates and setting the matter for status given the bankruptcy cases of Mr. Moy and the Debtor.

10. On August 20, 2012, the Court entered an Order for Relief in the Debtor's bankruptcy case (the "Moy Order for Relief").

11. On January 31, 2013, the Debtor filed schedules in connection with her bankruptcy case. On Schedule D the Debtor listed her obligation to McHenry Savings as a

5

disputed, secured claim in the total amount of $633,507.57 with $300,406.57 being listed as unsecured. The Debtor placed a value on the Real Property of $333,101.00.

12. On March 12, 2013, the Debtor received her discharge.

13. Nearly two years after the Moy Order for Relief, on May 29, 2014, the Debtor's bankruptcy case was finally closed and the Trustee discharged.

14. On September 9, 2014, the Debtor filed a motion to reopen discovery in the Foreclosure Action and Counterclaim (the "Motion to Reopen"). The Motion to Reopen sought leave to disclose an expert witness opinion report (the "Expert Report") for the Debtor some two years after discovery in the Foreclosure Action was closed. The Debtor wanted to use the Expert Report to prosecute the Counterclaim.

15. On October 3, 2014, over the objection of McHenry Savings, the Court in the Foreclosure Action granted the Debtor's Motion to Reopen. The Debtor then commenced to prosecute the Counterclaim anew.

16. The Foreclosure Action, including the Debtor's Counterclaim, went to trial in February of 2016, after which the Court took the matter under advisement.

17. On July 19, 2016, the Court in the Foreclosure Action entered a Memorandum Opinion and Order (the "Opinion and Order") finding that (a) McHenry Savings was entitled to judgment of foreclosure, (b) there had been no breach of contract by McHenry Savings; and (c) there had been no proof of a violation of the Consumer Fraud and Deceptive Practices Act. A true and correct copy of the Opinion and Order is attached hereto as Exhibit A.

18. In accordance with the terms of the Note, and as a result of the findings in the Opinion and Order, McHenry Savings is entitled to include as its damages, the entire amount of attorneys' fees it incurred in obtaining the judgment of foreclosure. McHenry Savings admits

however, that it is not legally authorized to collect from the Debtor the amount of the attorneys' fees it incurred regarding the Foreclosure Action or the Counterclaim prior to the Moy Order for Relief because of the Debtor's discharge.

19.  However, McHenry Savings believes that it is in fact entitled to collect from the Debtor the amount of attorneys' fees that it incurred defending the Counterclaim post-petition (the "Non-Discharged Attorneys' Fees").

20.  McHenry Savings thus files this motion to modify the discharge injunction so that it may proceed to collect **from the Debtor** the Non-Discharged Attorneys' Fees due and owing it under the Note and the Opinion and Order.

### RELIEF REQUESTED

21.  Although McHenry Savings believes the discharge injunction imposed by section 524(a)(2) of the Bankruptcy Code does not apply in this situation, out of an abundance of caution, McHenry Savings seeks a modification of the discharge injunction in order to petition the Court in the Counterclaim to enter an order authorizing it to obtain a judgment and collect the Non-Discharged Attorneys' Fees.

### ARGUMENT

22.  Pursuant to section 727(b) of the Bankruptcy Code, a discharge under 727(a) of the Bankruptcy Code discharges the debtor from all debts that arose before the date of the order for relief.  Section 524(a)(2) of the Bankruptcy Code, in pertinent part, provides that the discharge operates as an injunction against the commencement or continuation of an action to collect a debt as a personal liability of a debtor.  "[A]lthough the Bankruptcy Code does not expressly authorize the modification of a discharge…any court that issues an injunction can

7

Document      Page 8 of 12

modify it for good cause on the motion of a person adversely affected by it." *In re Hendrix*, 986 F.2d 195 (7th Cir. 1993). Good cause exists here.

23. The Debtor's discharge did not invalidate the Note and Mortgage (or any of the provisions contained therein), it simply eliminated the Debtor's personal liability for the amounts due and owing thereunder. *See*, *e.g.*, *Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir. 1998) citing *Johnson v. Home State Bank*, 501 U.S. 78 (1991). Specifically, the Debtor's discharge did not invalidate the attorneys' fees provisions of the Note and Mortgage any more than it invalidated the interest provisions of the Note and Mortgage. Thus, the Opinion and Order can authorize the recovery of McHenry Savings attorneys' fees due under the Note and Mortgage in the exact same way it authorizes the recovery of interest on the principal amount due under the Note and Mortgage.

24. Additionally, the Debtor is only discharged from debts that arose before the date the Court entered the Moy Order for Relief – or August 20, 2012. The Non-Discharged Attorneys' Fees, on the other hand, arose post-petition because the Debtor chose to pursue the Counterclaim after the Court had already entered the Moy Order for Relief.

25. The Ninth Circuit in *Siegel* addressed a situation similar to the one currently before this Court. In *Siegel*, Larry Siegel and his partner executed two separate notes in favor of the J.I. Kislak Mortgage Corporation ("Kislak") secured by, among other things, deeds of trust on parcels of real property. Siegel and his partner then defaulted on one of the notes. Freddie Mac foreclosed on the real property securing the first note and filed an action against Siegel in Federal Court for the deficiency. Siegel filed for bankruptcy protection before trial on that matter.

8

26. Freddie Mac filed proofs of claim in Siegel's bankruptcy case evidencing the amounts due on both notes and was granted authority to proceed with a foreclosure action as to the second parcel of real property. Siegel eventually obtained his discharge and Freddie Mac eventually foreclosed on the real property securing the second note.

27. However, while still in bankruptcy, Siegel and his partner brought an action against Freddie Mac and others alleging tort and breach of contract stemming from the foreclosure actions. Freddie Mac filed a motion for summary judgment arguing that Siegel's claims were barred by the res judicata effect of the bankruptcy case and requesting its attorneys' fees incurred in defending the tort and breach of contract action. The District Court agreed with Freddie Mac and awarded it its attorneys' fees.

28. In affirming the District Court's award of those attorneys' fees, the Ninth Circuit in *Siegel* reasoned that although the note which authorized the attorneys' fees was clearly entered into pre-petition, the attorneys' fees awarded to Freddie Mac arose post-petition because of Siegel's intentional post-petition pursuit of the tort and breach of contract claim.

29. The Ninth Circuit noted that by filing for bankruptcy protection "Siegel, had been freed from the untoward effects of contracts he had entered into. Freddie Mac could not pursue him further, nor could anyone else. He, however, chose to return to the fray and to use the contract as a weapon. It is perfectly just, and within the purposes of bankruptcy, to allow the same weapon to be used against him." *Siegel* at 533.

30. As the Ninth Circuit also stated, "Siegel's decision to pursue a whole new course of litigation made him subject to the strictures of the attorney's fee provision. In other words, while his bankruptcy did protect him from the results of his past acts, including attorney's fees

9

associated with those acts, it did not give him carte blanche to go out and commence new litigation about the contract without consequences." *Id*. at 534.

31. A few years later, the Ninth Circuit reached a similar result in *In re Ybarra*, 424 F.3d 1018 (9th Cir. 2005). "[W]e reaffirm that claims for attorney fees and costs incurred post-petition are not discharged where post-petition, the debtor voluntarily commences litigation or otherwise voluntarily 'returns to the fray'. Whether attorney fees and costs incurred through the continued prosecution of litigation initiated pre-petition may be discharged depends on whether the debtor has taken affirmative post-petition action to litigate a pre-petition claim and has thereby risked the liability of these litigation expenses." *Id*. at 1026, citing *Siegel* at 533; *see also*, *In re Matter of Hadden*, 57 B.R. 187 (Bankr.W.D. Wis. 1986)("If the debtor chooses to enjoy his fresh start by pursuing pre-petition claims which have been exempted, he must do so at the risk of incurring the post-petition costs involved in his acts.") and *Bennett v. Unitek Global Services, LLC*, 2014 WL 1322711 (N.D.Ill. 2014)(finding that the debtor's filing for bankruptcy did not discharge his obligation to pay the post-petition costs of a case initiated pre-petition but continued post-petition).

32. On March 12, 2013, the date the Debtor received her discharge, the Debtor here was allowed to legally disregard her personal obligations under the Note and Mortgage. On that date, the Debtor obtained her "fresh start" and was free from the over $300,000.00 deficiency judgment for which she would have been personally liable. However, the Debtor here intentionally chose to walk away from that fresh start, "return to the fray" and prosecute the Counterclaim.

33. Unfortunately for the Debtor, the Opinion and Order makes clear that she lost that gamble and 815 ILCS 505/10a(c) authorizes the recovery of "reasonable attorney's fees and

costs to the prevailing party." Worse, the Debtor continues to "double down" on that bad bet by filing a motion requesting reconsideration of the Opinion and Order. Should that motion be denied, which McHenry Savings believes it will be, McHenry Savings fully believes that the Debtor will then appeal both orders because the Debtor believes there is no risk to her for doing so.

34. Since August 20, 2012, McHenry Savings has incurred significant legal fees and expenses defending the Debtor's continued pursuit of the Counterclaim. Those fees and expenses only continue to increase as the Debtor continues to prosecute the Counterclaim. McHenry Savings has shown good cause for the modification of the discharge injunction in this case and should be authorized to proceed to collect the Non-Dischargeable Attorneys' Fees from the Debtor pursuant to the Opinion and Order and any judgments entered in connection therewith.

WHEREFORE, McHenry Savings Bank respectfully requests that this Court enter an order (1) modifying the discharge injunction imposed under section 524 of title 11 of the United States Code to permit it to proceed to collect from Miriam L. Moy those certain post-petition attorneys' fees awarded it in successfully defending the Counterclaim; and (2) granting it such other and further relief as the Court deems just and appropriate.

Dated: September 14, 2016

                MCHENRY SAVINGS BANK

                By: */s/ William S. Hackney*
                    One of its attorneys

William S. Hackney, ARDC No. 06256042
SMITHAMUNDSEN LLC
150 North Michigan Ave., Suite 3300
Chicago, Illinois  60601
Telephone:  312.894.3200
whackney@salawus.com