# EXHIBIT A

IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

| | |
|---|---|
| MCHENRY SAVINGS BANK )<br>)<br>)<br>V )<br>)<br>)<br>)<br>PERRY MOY, MIRIAM MOY, DONALD )<br>BREWER, CLIFFFORD LUND, DENISE )<br>KUZNIEWSKI, THE MULLER FIRM, )<br>ROGERS, FLOOD & MCARDLE, )<br>MIDLAND CREDIT MAAGEMENT, )<br>INC., UNKNOWN OWNERS & NON- )<br>RECORD CLAIMANTS ) | 09CH2444<br><br>**F I L E D**<br>JUL 19 2016<br>KATHERINE M. KEEFE<br>McHENRY CTY. CIR. CLK. |

## MEMORANDUM OPINION AND ORDER

INTRODUCTION. On November 17, 2009, McHenry Savings Bank (MSB) filed suit to foreclose a residential mortgage on the marital home of Perry Moy and Miriam Moy, located at 8220 Crystal Springs Road, Crystal Lake, Illinois. Miriam Moy (Miriam) counterclaimed for actual and punitive damages for breach of contract and for violations of the Consumer Fraud and Deceptive Practices Act [*815 ILCS 505/1*][1]. The case was tried by the court on February 2-4, 2016 and taken under advisement pending this decision.

FACTS. On March 22, 2004, Perry and Miriam Moy refinanced the first mortgage on their marital home at 8220 Crystal Springs Road, Crystal Lake with MSB for $442,000.00 [*Plaintiff's Exhibits 1, 2*], pursuant to an order of court entered in their pending divorce case [*02DV58*]. The refinancing was ordered so that the parties could pay off certain outstanding debts. Perry Moy made all of the mortgage payments until he testified that he was unable to afford them. Perry stopped making the mortgage payments which resulted in a default on the mortgage, and gave rise to the present foreclosure complaint.

In early 2008, Perry Moy made a verbal agreement with MSB Executive Vice President James Marinangel that, in lieu of full mortgage payments, he would make payments of

---

[1] A count alleging violation of the implied contractual covenant of good faith and fair dealing was dismissed with prejudice.

1

interest and escrow amounts only for a period of six months commencing in March 2008. During that time, the mortgage loan would be regarded as current. Miriam Moy was not only not a party to this verbal arrangement but also not contemporaneously advised that it had been made. The only memorial of this agreement in bank records is in the notes kept as a part of the loan file.

In May 2008, Miriam Moy attended a meeting at MSB with Marinangel to discuss the loan defaults and what could be done to cure them. No mention was made during this meeting of the Perry Moy/Marinangel interest-escrow-only agreement. A week after the meeting, Marinangel sent Miriam Moy letter to "...correct a misstatement..." [*Plaintiff's exhibit no. 15*] and explained the terms of the oral agreement between him and Perry Moy. Interest plus escrow payments only would be accepted by MSB in lieu of full payments until August 1, 2008, when full mortgage payments were expected to resume. No further payments were made on the mortgage and MSB filed the instant action on November 17, 2009. Notwithstanding the Perry Moy/Marinangel agreement, MSB's computerized loan servicing program continued to send notices of loan delinquencies to Miriam Moy at the residence address.

Between the refinancing and the filing of the foreclosure complaint, Perry Moy took out several loans in his own name and the name of his business, Plum Garden Restaurant. He personally guaranteed the business loans. Although loan proceeds were applied directly to one or more of Perry Moy's other loans or debts, none of the proceeds of any of these loans was applied to the home mortgage delinquency. In one instance, the loan balance of $50,000.00 after payment of outstanding obligations was paid directly to Perry Moy. Nothing was applied to the home mortgage debt either by the bank or Moy.

In two other instances, payments received by the bank were applied loans other than the delinquent home mortgage.

MSB contends that it is entitled to a judgment of foreclosure on evidence of the signed note and mortgage and testimony of Perry Moy that his payments on the loan had stopped. Miriam Moy also testified that she did not personally make any payments on the mortgage.

Miriam Moy contends that she has been defrauded by MSB by its entry into the interest-escrow-only agreement with Perry Moy without notice to her, by sending inaccurate billing or loan statements, by making additional loans to Perry Moy without requiring payment of any part of the loan proceeds to the home mortgage debt, and by not applying loan payments to the home mortgage debt.

ANALYSIS.              MSB is clearly entitled to a judgment of foreclosure. The mortgage on the property at 8220 Crystal Springs Road, Crystal Lake, Illinois has been in default since 2008. The testimony, although simple, is clear. The Moys signed a note and mortgage for $442,000.00 and failed to make the required installment payments on the loan. The loan is now in default. There is no claim of fraud in the execution of the note and mortgage to refinance the existing home loan. None of Miriam Moy's claims of fraud

2

or breach of contract, even if proven, can either vitiate the validity of mortgage or excuse the defaults.

Miriam Moy's complaints about MSB's actions do not rise to the level of either breach of contract or consumer fraud. And even if they did, there is no evidence of any proven, lawful damages on either claim. Section 2 of the Consumer Fraud Act provides that "deceptive acts or practices...or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact...in the conduct of any trade or commerce are hereby declared unlawful [*815 ILCS 505/2 (West 1998)*]. Section 10a (a) of the Act authorizes...private causes of action for practices proscribed by section 2. Section 10a(a) states, in pertinent part: "Any person who suffers actual damage as a result of a violation of the act committed by any other person may bring an action against such person." [*815 ILCS 505/10a (a) (West 1998)*]. To prove a private cause of action under section 10a (a) of the Act, a plaintiff must establish: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception. [*Oliveira v Amoco Oil Co., 201 Ill.2d at 149, 267 Ill.Dec. 14, 776 N.E.2d 151. Avery v. State Farm Mutual Auto. Ins. Co. 216 Ill.2d 100, 835 N.E.2d 801, 296 Ill.Dec. 448 (2005)*].

The agreement by MSB to accept interest and escrow payments only for a six-month period was not a deceptive act or practice. Similarly, neither was the follow-up letter of May 10, 2008. There was nothing false or misleading in the letter. True, the forbearance agreement between Perry Moy and James Marinangel lacked formality, but there is no evidence that MSB reneged or breached this arrangement. The fact that Miriam Moy continued to receive erroneous billing statements claiming past due payments of principle and interest and other penalties is simply evidence of sloppy or shoddy billing practices. The fact remains that MSB honored its obligation under the agreement and did nothing to enforce its mortgage until after the forbearance period had expired. Simply stated, there is no evidence of any kind of fraud or misrepresentation whatsoever or any other type of conduct that could support relief under the Consumer Fraud Act.

Moreover, the lack of formality in the interest/escrow only agreement probably prevented the change in any other formal banking practice of MSB. There was no evidence that any other officer, committee or board approved this arrangement. There was no written document setting for the terms of the agreement and signed by the parties. The most that was done was the entry of a note in an activity log regarding the agreement. None of this amounts to as deceptive act or practice.

Miriam Moy's complaint for breach of contract must also fail. In order to recover, first, a proper and adequate complaint based upon breach of contract must allege the existence of the contract purportedly breached by the defendant, the plaintiff's performance of all contractual conditions required of her, the fact of the defendant's alleged breach, and the existence of damages as a consequence. Moreover, plaintiff must allege and prove the existence of facts indicating an offer, acceptance and consideration [*Martin-Trigona v.*

3

*Bloomington Federal Savings & Loan Association (1981), 101 Ill.App.3d 943, 946, 57 Ill.Dec. 348, 351, 354, 428 N.E.2d 1028, 1031].*

Here MSB made two agreements, one to loan money as evidenced by the note and mortgage and the other to forbear the collection of the note and mortgage for a six-month period, as evidenced by the note in the bank's activity log and the May 15, 2008 letter to Miriam Moy. MSB made no other agreements. Yet, Miriam Moy alleges eleven other "contractual breaches". There is neither an allegation of an offer relative to those actions nor an allegation or proof that MSB accepted the responsibility not to do or to do any of the eleven things alleged. In short, there is no evidence of a contract pertaining to any of the actions alleged.

Principle among the allegations of Miriam Moy are the fact that on one occasion, loan proceeds were dispersed to pay various MSB charges incurred by Perry Moy and the balance of $50,000.00 dispersed to Perry Moy without requiring a payment to the home mortgage delinquency. There is no evidence of any agreement by the bank to treat Perry Moy's individual loan disbursements in any particular way. Likewise there is no evidence of any rule, regulation, habit or custom that required the bank to do anything pertaining to the home loan with Perry Moy's other loan proceeds.

There is, also, no evidence of any prior agreement that would require MSB to credit any random loan payments made by Perry Moy to the home mortgage. In the absence of any advance agreement, MSB was entitled to apply any money paid to it on account of Perry Moy's debt at the bank on any outstanding loan that he had without limitation.[*Farm Credit Bank of St. Louis v Biethman, 262 Ill.App.3d 614 (1994)*].

Finally, there is no proof of recoverable damages.

FINDINGS. The home mortgage on the property located at 8220 Crystal Springs Rd., Crystal Lake, Illinois has been in default since November 2009. McHenry Savings Bank is entitled to a judgment of foreclosure on the note and mortgage. Unpaid interest on the note may only be calculated from November 1, 2009, the date of actionable default.

There has been no breach of contract proven by the evidence.

There has been no proof of violation of the Consumer Fraud Act.

IT IS THEREFORE ORDERED that the above entitled cause is continued to August 3, 2016 at 9:00 am for presentation of orders in conformity with this opinion.

Dated: July 19, 2016                Enter: _____
                                                    JUDGE

4

Distribution:

Smith Amundson                          Jeffrey Gutman
2460 Lake Shore Drive                   4018 North Lincoln Avenue
Woodstock, Illinois 60098               Chicago, Illinois 60618